UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES EARL WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-536-HEA |
| | ) |
| STATE OF MICHIGAN, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of James Earl Wilson for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d

302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendants State of Michigan, Michigan State Police, City of Taylor, Michigan, Max Cox (state attorney general), FBI Detroit, FBI Los Angeles, FBI Sacramento, FBI San Diego, FBI San Francisco, and FBI St. Louis. Plaintiff states that the grounds for filing this action in Federal Court are 18 U.S.C. §§1506, 1509, and 1091 (3), (4), and (5).

Although a pro se complaint is to be liberally construed, the complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. Means v. Wilson, 522 F.2d 833, 840 (8th Cir. 1975). The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Having carefully reviewed the instant complaint, the Court concludes that plaintiff has failed to state sufficient facts to give fair notice of the claim asserted. The allegations are not short and plain, and even affording the complaint a liberal construction, the Court is unable to ascertain the nature of plaintiff's claims. As such, the complaint will be dismissed, without prejudice.[1]

---

[1] The Court further notes that no private right of action exists under 18 U.S.C. §§1506 and 1509, *see Hamilton v. Reed*, 29 Fed.Appx. 202, 2002 WL 22032 (6th Cir. 2002), and 18 U.S.C. §1091, which is titled "Genocide," appears to be wholly inapplicable to the instant case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4], and "motion of courts for clear understanding" [Doc. #10] are **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 12th day of June, 2006.

_____
**UNITED STATES DISTRICT JUDGE**